## Wytheville.

HOWELL, SON & CO. V. BOUDAR, TRUSTEE & OTHERS.

JUNE 9, 1898.

Absent, Cardwell, J.

1. SALE OF GOODS—*Principal and Agent—Factors.*—Although an agreement purports to be one constituting an agency by which the agent agrees to sell sugar which the principal is to consign to him, the title whereof is to remain in the principal, subject to advances made and expenses incurred by the agent, yet if the agent is required to advance to the principal the invoice price of the sugar within thirty days, less a trade discount of one *per cent.* and an additional one *per cent.* for payment within seven days, and the contract stipulates that this advance by the agent is to be without recourse to or reclamation on the principal, and to be due in any event, and the agent is required to bear all expenses and to pay for the sugar at all events whether sold or not, or the price be collected or not, and other like provisions, with no provision for the return of any part of the sugar in any event, and the agent is required to sell in his own name, but is not required to render any account of his sales, the transaction is a sale, and not the mere appointment of a factor.

Argued at Richmond.    Decided at Wytheville.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced March 8, 1897, in the chancery suit of *Kingan & Co.* v. *Boudar, trustee, and others,* in which appellants filed their petition, to which petition the appellees, Gates & Brown, and Boudar, trustee, were made defendants.

*Affirmed.*

The principal suit was brought for the purpose of having

administered under the direction of the court the trust created
by a deed from Gates & Brown to Boudar, trustee.   The appel-
lants claimed that Gates & Brown were their factors for the sale
of sugar, and that at the time Gates & Brown made their deed
to Boudar, trustee, there was certain sugar on hand, of which
the trustee had taken possession, and accounts due for sugar sold,
all of which was the property of appellants and not of Gates &
Brown, and they filed their petition setting up their claim and
asking to have the sugar on hand or its proceeds delivered to
them, and also the amounts collected by the trustee for sugar
sold to other parties.   The Chancery Court, being of opinion
that Gates & Brown were purchasers of the sugar and not mere
factors of the appellants, dismissed their petition, and they ap-
pealed.                                                    .

*Wyndham R. Meredith,* for the appellants.

*Christian & Christian* and *Leake & Carter,* for the appellees.

RIELY, J., delivered the opinion of the court.

The same questions, and none others, are presented in this
case that were presented in the case of *Arbuckle Brothers* v.
*Gates & Brown.*

The agreement in this case contains all the elements of a sale
that were pointed out in that case, with the additional feature
that the provisions, the effect of which constitutes the transaction
a sale and not an agency, are here more explicitly and strongly
stated.

It starts out, as in the other case, by appointing Gates & Brown
agents of Howell, Son & Co. to sell sugar which the latter would
consign to them, the title whereof, however, was to remain in
them subject to advances made and necessary expenses incurred
by Gates & Brown; and then stipulates that Gates & Brown are
to advance to Howell, Son & Co. within thirty days the amount

of the invoice, less one *per cent.*, trade discount on one hundred-barrel lots, and an additional one *per cent.*, if payment be made within seven days, *"this advance to be without recourse to or reclamation upon us, and to be due in any event."*

It next stipulates that Gates & Brown shall, when they sell the sugar, bill it in their own names, and shall, at their own cost and without reclamation upon Howell, Son & Co., pay all expenses, and assume all risks of the property and of payment.

The sugar was not to be sold for less than the daily quotations with freight added from refining point to point of sale, nor on more liberal terms as to credit or cash discounts.

It was then further stipulated that if Gates & Brown observed these conditions, Howell, Son & Co., upon a certificate to that effect, would pay them a commission of three-sixteenths of a cent per pound, and that Gates & Brown, in addition thereto, should retain the profit over the advance made by them, but if they failed to comply with any of the conditions, Howell, Son & Co. would decline to pay the commission.

No account of sales was required to be rendered or kept; no provision was made for the return of any sugar in any event; it was to be paid for at a fixed time, whether the sugar had been sold or not, or the proceeds of sale collected or not; and all recourse or reclamation for money advanced in payment of the sugar or of expenses was expressly stipulated against. If the provisions of the agreement under construction did not constitute the transaction a sale, it would be difficult to imagine what would be necessary to do so. For a discussion of their character and effect, reference is made to the opinion this day delivered in the case of *Arbuckle* v. *Gates & Brown, ante p.* 802.

The decree appealed from must be affirmed.

*Affirmed.*